United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-40461
Summary Calendar

_____

ARIC W. HALL

Plaintiff-Appellant

versus

CIVIL AIR PATROL, INC.; UNITED STATES AIR FORCE;
UNITED STATES DEPARTMENT OF DEFENSE; DENNIS
BENNETT; DICKIE WARREN; GARY JACKSON; HENRY
SCHLATTNER; STEVE DAVIDSON; GARY BLEVINS;
ARP STATE BANK; TOM MUNDT; TOM TODD; COLIN
FAKE; ET AL.

Defendants-Appellees

_____

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 6:05-CV-193)
_____

Before REAVLEY, BARKSDALE and OWEN, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1

Plaintiff Aric Hall, pro se, appeals the district court's order dismissing his civil complaint with prejudice under Federal Rule of Civil Procedure 41(b) for non-compliance with an order to conform his complaint to the requirements of Federal Rule of Civil Procedure 8(a), and for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] We affirm for the following reasons:

1.      Upon review of the record, and consideration of Hall's brief, we find no reversible error here.  Hall's first amended complaint was twenty-five pages long and named 151 defendants, including President George W. Bush and Secretary of Defense Donald Rumsfeld.  The magistrate judge explicitly instructed Hall to amend his complaint to include the "time, place or person details concerning the alleged reporting of violations," and to "set[] forth sufficient factual allegations and the legal basis upon which the Plaintiff believes that the United States Air Force, Department of Defense and individual defendants are liable to him for monetary damages."

Instead of clarifying his complaint, Hall filed his second amended complaint which was seventy-five pages long, contained nine appendices including a key with a list of acronyms, and named 177 defendants.  The appendices contain hundreds of names, dates, and assertions without showing how the information

---

[1]  We need not reach the Rule 12(b)(6) issue as the district court did not abuse its discretion in dismissing the complaint with prejudice for failure to comply with a court order and the Federal Rules of Civil Procedure.

bears upon the complaint. The second amended complaint was no better than its predecessor and failed to correct any of the deficiencies noted by the court. As the Seventh Circuit so aptly stated:

> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation . . . should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.

*United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Where, as here, a plaintiff has been given leave to file a second amended complaint that meets the requirements of Rule 8(a) and fails to do so, the case should be dismissed. The style and prolixity of Hall's pleadings would have made an orderly trial impossible. Hall's deliberate persistence in refusing to conform his pleadings to the requirements of Rule 8 justified dismissal of the complaint with prejudice.

2.     Hall also argues that a default judgment should have been entered against the non-appearing defendants. While the district court never ruled directly on Hall's motion for default judgment or the government's motion for an extension of time for these defendants to answer, all of the defendants were named in the same defective pleading and were entitled to dismissal for Hall's deliberate persistence in refusing to conform his pleadings to the requirements of Rule 8.

3.     Hall filed a motion for temporary injunction against the Civil Air Patrol that was denied by the district court. In his prayer for relief in this court, Hall requests

that this court "use its own authority or force the district court to use common sense and rational discretion in granting the Motion for Injunction against" the Civil Air Patrol.  Because this issue was not briefed by Hall, it is waived. *Matassarin v. Lynch*, 174 F.3d 549, 570 (5th Cir. 1999).

AFFIRMED.