IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-40516
Summary Calendar

ARIC W HALL

Plaintiff - Appellant

V.

RUSSELL HODGKINS; GEORGE VOGT; ROGER W BURG; MICHAEL L
DOMINGUEZ; FRANCIS L HENDRICKS; M SCOTT MAYES; JOHN F
REGNI; HENRY C MORROW; T MICHAEL MOSELEY; MICHAEL W
WYNNE; UNITED STATES OF AMERICA; JOHN D HOPPER, JR,
Lieutenant General, USAF (Retired); NICHOLAS B KEHOE, Lieutenant
General, USAF (Retired); CHARLES SEAROCK, Lieutenant General, USAF
(Retired)

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas, Tyler
USDC No. 6:07-CV-246

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Aric Hall appeals the district court's dismissing his Bivens claims against

the defendants as barred by res judicata. Specifically, he attempts to distinguish

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the cause of action in this claim from those in his two prior claims against defendants or their privies. In the memorable, if brief, words of Michigan Judge J. H. Gillis: "He didn't. We couldn't." For that and the following reasons, we affirm the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Aric Hall was a member of the Civil Air Patrol ("CAP"), a nonprofit and federally chartered corporation. In prior complaints, he has alleged that the current defendants or their privies terminated his CAP membership because "he contacted government." Now, he complains, pro se, that defendants have committed constitutional torts under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), by denying him new membership to CAP because he "contact[ed] [his] own government." Because Hall filed two previous complaints against the defendants or their privies, the district court granted the defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim, holding that, based on the pleadings and on matters available in the public record, res judicata barred Hall's claims.

Hall filed his first complaint on June 1, 2005, and alleged that he was terminated for reporting supposed violations of CAP's policy. The district court dismissed his suit for failure to conform his complaint to the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. In that case, Hall's arguments centered on his termination from CAP. In his original complaint, Hall stated that, as a CAP member, he "reported or forwarded extensive violations of company policy, criminal law, resulting cover-up investigations, and other matters" and that he "was terminated and otherwise retaliated against" for doing so. The magistrate judge ordered Hall to amend his first amended complaint to include the "'time, place or person details concerning the alleged reporting of violations,' and to 'set[] forth sufficient factual allegations and the legal basis upon which the Plaintiff believes that the . . . defendants are liable

to him for monetary damages.'" Hall v. Civil Air Patrol, Inc., 193 F. App'x 298, 299 (5th Cir. 2006) [hereinafter Hall I] (first alteration in original). Hall's second amended complaint, however, was seventy-five pages long, named 177 defendants (including CAP), and failed to address the deficiencies noted by the magistrate judge. Id. As a result, the district court dismissed Hall's complaint with prejudice, we affirmed, and the Supreme Court denied Hall's petition for certiorari. Id. at 300, cert. denied, 127 S. Ct. 2134 (2007) (mem.).

Hall filed his second complaint on December 8, 2006, against the United States Air Force, the United States Department of Defense, and the United States. In it, he alleged that the defendants violated the FTCA by terminating his CAP membership for "contacting regulatory and elected officials." He further stated that he "has continually sought restoration" of his CAP membership. The district court adopted the magistrate judge's recommendation and dismissed Hall's complaint with prejudice by granting defendants' Rule 12(b)(6) motion to dismiss based on res judicata. Hall v. United States, No. 6:06-CV-528, 2008 WL 276397, at *1 (E.D. Tex. Jan. 30, 2008) [hereinafter Hall II]. Hall did not appeal this judgment.

Hall's current complaint alleges Bivens claims against the defendant individuals. In his complaint, he asserts that "[t]he defendants continue to deprive" him of various constitutional, statutory, and regulatory rights by barring him "from membership and participation in [CAP], for the stated reason that [he] contacts government and elected officials to report crime and violations of policy." Defendants filed a Rule 12(b)(6) motion to dismiss, alleging that res judicata barred Hall's claims. Hall filed a response in opposition to the motion to dismiss and, after the magistrate judge's recommendation to grant the motion, an objection to the magistrate judge's conclusion. The district court nonetheless adopted the magistrate judge's recommendation to grant the motion to dismiss. After taking judicial notice of the publicly available pleadings and opinions in

Hall I and Hall II (both of which were decided by the same district court), the lower court held that the four requirements of res judicata were satisfied based on the facts alleged by Hall in his pleading and the judicially noticed facts. First, the lower court held that Hall named the current defendants or their privies in his prior suits. Second, it held that the prior judgments were entered by a court of competent jurisdiction. Third, the prior suits were concluded by a final judgment on the merits. And finally, it held that Hall's current suit involved the same claim as his prior suits because the claims were based on the same nucleus of operative fact: that "Hall believes his CAP membership termination was unlawful." Hall filed timely notice of appeal in which he asserts that his current claim is based only on CAP's recent refusals to grant him membership and, as such, it does not involve the same claim as his prior complaints for purposes of res judicata.

## II. DISCUSSION

### A. Standard of Review

We review de novo both a dismissal under Rule 12(b)(6), Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017 (5th Cir. 1996), and the res judicata effect of a prior judgment, Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). We have said that "[m]otions to dismiss are viewed with disfavor and are rarely granted," and that "generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." Test Masters, 428 F.3d at 570 & n.2. But see 5B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1357 at 721, 728 (3d ed. 2004) ("Other affirmative defenses that have been considered on a motion to dismiss under Rule 12(b)(6) include . . . the barring effect of res judicata and related preclusion principles . . . ." (noting numerous examples)). However, we have also emphasized that the appellant must challenge on appeal a defendant's use of a motion to dismiss to invoke res

judicata or such argument will be waived. E.g., Test Masters, 428 F.3d at 570 n.2 ("However, [appellant] did not challenge [appellees'] ability to argue res judicata in a motion to dismiss rather than in their response or a motion for summary judgment. Therefore, we review the district court's dismissal of [appellant's] claims under the 12(b)(6) standard." (internal citation omitted)); Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("While we have said that 'generally a res judicata contention cannot be brought in a motion to dismiss,' we have likewise held that any such contention is waived by failure to properly raise it on appeal." (quoting Test Masters, 428 F.3d at 570 n.2)). Although Hall is proceeding pro se, he has failed to preserve any challenge to the defendants' use of a motion to dismiss to raise the issue of res judicata. See Longoria v. Dretke, 507 F.3d 898, 901 (5th Cir. 2007) ("Although we liberally construe pro se briefs, such litigants must still brief contentions in order to preserve them."). Thus, as in Test Masters, we review the district court's dismissal under the Rule 12(b)(6) standard.

In ruling on a Rule 12(b)(6) motion to dismiss, the district court cannot look beyond the pleadings, Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994), and must "accept[] as true those well-pleaded factual allegations in the complaint," Test Masters, 428 F.3d at 570. In addition to facts alleged in the pleadings, however, the district court "may also consider matters of which [it] may take judicial notice." Lovelace, 78 F.3d at 1017–18. And "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris, 500 F.3d at 461 n.9; see also Cinel, 15 F.3d at 1343 n.6 ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."). If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper.

Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994).[1]

B.    Res Judicata

Res judicata, or claim preclusion, has four requirements: (1) that the parties be identical or in privity; (2) that the prior judgment be rendered by a court of competent jurisdiction; (3) that the prior action be concluded by a final judgment on the merits; and (4) that the same claim be involved in both actions. Test Masters, 428 F.3d at 571.

The first three requirements may be disposed of quickly because Hall raises no challenge to the district court's conclusions that these requirements are satisfied.  First, Hall does not argue here that any one of the defendants is not a party in either Hall I or Hall II or is not in privity with a previously named party.  Second, the prior judgments were entered by courts of competent jurisdiction.  And third, both Hall I and Hall II were final judgments on the

---

[1] The Supreme Court's recent decision in Jones v. Bock, 127 S. Ct. 910 (2007), holds no different.  There, the Court held that the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e et seq., did not require prisoner–plaintiffs to "specially plead or demonstrate exhaustion in their complaints."  Id. at 921.  That is to say, district courts may not dismiss under Rule 12(b)(6) a prisoner's complaint if that complaint failed to explicitly allege facts disproving an affirmative defense—specifically, that the prisoner exhausted his administrative remedies.  However, the Court was quick to point out that a prisoner's pleadings might allege facts that satisfy an affirmative defense and that, in that situation, a motion to dismiss is still proper.  See id. at 921 (stating "that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim," and "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground").  We have similarly stated as much: "Under Jones, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."  Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007).  Thus, an affirmative defense may serve as the proper basis for a motion to dismiss for failure to state a claim so long as the district court considers only those pleaded and judicially noticed facts that are not "outside the pleadings" according to Rule 12(d).  See FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to . . . the court, the motion must be treated as one for summary judgment under Rule 56."); Cinel, 15 F.3d at 1343 n.6 (noting that the consideration of judicially noticed public records "does not convert [a 12(b)(6)] motion into one for summary judgment").

merits. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 n.8 (5th Cir. 1993) ("A dismissal which is designated with prejudice is normally an adjudication on the merits for purposes of res judicata." (internal quotation marks omitted)).

To determine whether the current and previous actions involve the same claim, this court has adopted the transactional test of the Restatement (Second) of Judgments § 24. Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 395 (5th Cir. 2004). Under this test, "'[w]hat factual grouping constitutes a "transaction" . . . [is] to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" Id. at 396 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)). At bottom, "[t]he critical issue is whether the two actions are based on the same nucleus of operative facts." Test Masters, 428 F.3d at 571 (internal quotation marks omitted).

In arguing that res judicata's fourth requirement is not met, Hall asserts that this suit does not involve the same claim as his prior suits because here he challenges "the current and recent refusals to grant membership into CAP" and not his termination from CAP. Further, he argues that he could not have challenged the denials of membership in the earlier suits "since they had not occurred at the time." The lower court disagreed, however, and concluded that Hall's current claim shared the same nucleus of operative fact with Hall's prior suits because all of Hall's claims allege that the defendants are retaliating against him for being a "whistleblower who exposed the illegal activities of other

members" of CAP. Therefore, the fourth and final requirement of res judicata was satisfied and Hall's claim was dismissed.

We agree with the lower court. In Hall I and Hall II, Hall argued that his CAP membership was illegally terminated in retaliation for "contacting regulatory and government officials." Now, Hall's brief argues that the defendants denied his application to CAP in furtherance of their alleged "policy of denying civilians membership into . . . CAP [for] contact[ing] their own government." And further, Hall's argument that he could not have earlier challenged the wrongful denial of membership is belied by the fact that his complaint in Hall II stated that he "has continually sought restoration" to CAP. In this case, as in his previous suits, Hall asserts that the defendants are retaliating against him for "contacting government." Whether such retaliation takes the form of initially terminating Hall's CAP membership or of subsequently denying Hall's reapplication to CAP does not change the fact that both claims are based on the same nucleus of operative fact; in both instances, Hall alleges that the defendants are punishing him for whistleblowing during his tenure with CAP. Thus, Hall's claim is based on the same transaction as his earlier claims, and res judicata's fourth and final requirement is satisfied.

Because Hall's own pleadings and the judicially noticed, publicly available documents all reveal that res judicata's four requirements are satisfied, the district court properly granted defendants' Rule 12(b)(6) motion to dismiss.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.