# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60394

SUZANNE B. COX,

Plaintiff - Appellant

v.

WELLS P. RICHARDS; CANUCANOE RENTAL CABINS, L.L.C.,

Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-668

Before DAVIS, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiff Suzanne B. Cox brought the instant action against Defendants Wells Richards and Canucanoe Rental Cabins, LLC (Canucanoe), seeking to obtain repayment of a $251,550.14 loan she claims she made to Richards years earlier. Cox now appeals from the district court's ruling that she is judicially estopped from making these claims based on representations she previously made in unrelated bankruptcy proceedings. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60394

## I

In September 2009, Cox received various assets in a divorce settlement, including a $351,550.14 check. In October 2010, she filed for Chapter 7 bankruptcy in the Northern District of Florida. *See In re Cox*, 10-32055 LMK (Bankr. N.D. Fla. 2011). In her original bankruptcy schedules, Cox listed only $6,550 in assets, including a bank account, clothing, a rental deposit, and a car. A few weeks later, she filed amended schedules listing additional assets, but did not include the loan to Richards on which she now seeks repayment. Cox declared under penalty of perjury that the information contained in the petition and schedules was "true and correct to the best of [her] knowledge."

In February 2011, the Trustee initiated an adversary proceeding against Cox to deny a discharge for failure to disclose assets in the bankruptcy schedules. *See Chancellor v. Cox* (In re *Cox*), 11-03007 MAM (Bankr. N.D. Fla. 2011). The Trustee moved for summary judgment, arguing that Cox was not entitled to a discharge under 11 U.S.C. § 727(a)(2)(A),[1] (a)(4)(A),[2] and (a)(5).[3] The bankruptcy court denied the Trustee's motion for summary judgment, finding that there were genuine issues of material fact with respect to whether Cox's omissions were knowing and fraudulent. After a trial, the bankruptcy court sustained the Trustee's objection to discharge pursuant to § 727(a)(5) for failure to satisfactorily explain the loss of assets she obtained through her divorce settlement. The court declined to sustain the Trustee's objection to

---

[1] A debtor is entitled to a "discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor . . . has transferred, removed, destroyed, mutilated, or concealed . . . property . . . within one year before the date of the filing of the petition." *See* 11 U.S.C. § 727(a)(2)(A).

[2] A bankruptcy court may deny discharge if "the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account." *See* 11 U.S.C. § 727.

[3] A bankruptcy court may deny discharge if the debtor fails to satisfactorily explain a loss of assets. *See* 11 U.S.C. § 727.

2

No. 18-60394

discharge based on § 727(a)(2)(A) or (a)(4)(A), determining that the Trustee failed to establish that Cox failed to disclose assets with fraudulent intent.

In August 2016, Cox commenced this action against Richards and Canucanoe in federal district court in Mississippi.[4] She alleged that in September 2009, she orally agreed to loan Richards $251,550.14 with an interest rate of fourteen percent per annum for investment purposes, which Richards was supposed to pay back monthly. Canucanoe, of which Richards is allegedly a member, filed an answer to Cox's complaint.[5] Richards did not file an answer. Both Canucanoe and Richards then filed a motion to dismiss, asserting the defense of judicial estoppel. The district court granted the motion and dismissed the case with prejudice, taking judicial notice of Cox's representations in the bankruptcy proceedings and concluding that Cox was judicially estopped from asserting a claim against Defendants. Cox moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), which the district court denied. Cox appealed.

## II

On appeal, Cox argues that the district court's application of the doctrine of judicial estoppel was an abuse of discretion. She also brings several procedural challenges to Defendants' motion to dismiss. We address each in turn.

## A

The district court granted the Defendants' motion to dismiss, concluding that Cox was judicially estopped from pursuing her claims against Defendants because she had previously disclaimed the existence of the alleged quarter-

---

[4] Cox brought this action in federal court, asserting diversity of citizenship and an amount in controversy over $75,000. *See* 28 U.S.C. § 1332.

[5] Cox contended that Richards was one of two members of Canucanoe and had been paying interest on the loan through Canucanoe until 2016. Canucanoe denies this allegation.

No. 18-60394

million-dollar loan in her bankruptcy proceedings.  We review a district court's decision to invoke the equitable doctrine of judicial estoppel for abuse of discretion.  *See United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 271 (5th Cir. 2015).  "The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest."  See *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004) (quoting *In re Coastal Plains, Inc.,* 179 F.3d 197, 205 (5th Cir. 1999)).  Judicial estoppel is properly invoked where "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently."  *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc).

Cox argues that the evidence does not support the application of judicial estoppel under any of the three elements.  We disagree.  As to the first element, the district court correctly concluded that Cox's position in the instant litigation is inconsistent with her sworn representations in her bankruptcy proceedings.  The court reasoned that Cox testified in her bankruptcy case that she had used the $351,550.14 settlement check from her divorce to pay living expenses and bills and to repay debts to friends, including a payment of $163,200 to Richards for living expenses he advanced to her before she received the divorce settlement.  The district court further noted that Cox failed to list the loan in her initial and amended bankruptcy schedules or to otherwise mention it.  Next, the district court determined that Cox convinced the bankruptcy court, through her omission, that her assets did not include a loan in the amount of $251,550.14, satisfying the second element.  The district court additionally found the third element satisfied, concluding that "Cox had every opportunity to reveal that $251,550.14 asset" and that "[h]er motivation for her

4

conduct is evident: she hoped to hide the asset from the Bankruptcy Court and benefit from its receipt later."

Cox contends that the bankruptcy court's closure of her case "return[ed] [her] to the position she was in before the bankruptcy filing," thereby "negat[ing]" the first and second elements. Her argument is unavailing. The bankruptcy court, in denying the Trustee's motion for summary judgment in the adversary proceeding, accepted both Cox's omission of any reference to the $251,550.14 loan and her representation that she repaid Richards for the funds he had advanced to her for living expenses. *See Superior Crewboats*, 374 F.3d at 335 (the second element is met when a court adopts a party's prior position, "either as a preliminary matter or as part of a final disposition"). "An adversary proceeding and the companion bankruptcy case constitute two distinct proceedings." *In re Porges*, 44 F.3d 159, 163 n.2 (2d Cir. 1995). Accordingly, the bankruptcy court's closure of Cox's bankruptcy case did not revoke her prior inconsistent position, or the court's acceptance of that position, in the separate adversary proceeding.

As to the third element, Cox argues that there is no evidence her actions were not inadvertent. She cites to the bankruptcy court's findings in the adversary proceeding that the Trustee had not met its burden to demonstrate Cox's "intent to hinder, delay, or defraud" by concealing assets and that the evidence instead indicated a "lack of knowledge" on her part. This argument is misleading. The bankruptcy court's determinations about her intent clearly did not pertain to the $251,550.14 loan because Cox failed to disclose that loan in the proceedings. Moreover, Cox amended her bankruptcy schedules to reflect additional assets once the bankruptcy court discovered them, swearing under oath that "[a]ny omissions in the original schedules have been amended." "[T]he motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this

No. 18-60394

context is self-evident because of potential financial benefit resulting from the nondisclosure." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012). Thus, the district court did not abuse its discretion in applying judicial estoppel.[6]

## B

Cox also brings several procedural challenges to Defendants' motion to dismiss. First, she argues that, because Canucanoe answered the complaint before filing a motion to dismiss, the motion to dismiss was untimely. Normally, a motion asserting a Rule 12(b) defense "must be made before pleading if a responsive pleading is allowed." *See* FED. R. CIV. P. 12(b). However, where, as here, a defendant files a motion to dismiss after filing a responsive pleading, the motion may be treated as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 975–76 (7th Cir. 2013) (noting that "[d]ismissing a case on the basis of an affirmative defense is properly done under Rule 12(c), not Rule 12(b)(6)," but affirming the district court's dismissal "under the wrong rule"). Because a Rule 12(b)(6) and Rule 12(c) motion warrant the same standard of review, any error by the district court in granting Defendants' motion to dismiss with respect to Canucanoe was

---

[6] Cox additionally argues that applying judicial estoppel would result in an inequitable result, claiming that Richards and Canucanoe acknowledged the loan by making monthly interest payments to her for more than four years after the close of her bankruptcy proceedings. We take Cox's allegations to be true at the motion to dismiss stage, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), but Cox does not explain how the district court's application of judicial estoppel was an abuse of discretion in light of these facts. *See Coastal Plains*, 179 F.3d at 205 (noting that judicial estoppel "is intended to protect the judicial system, *rather than the litigants*"); *see also Reed*, 650 F.3d at 574 ("[J]udicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." (internal citations and quotation marks omitted)).

No. 18-60394

harmless.[7] *See* FED. R. CIV. P. 61; *see also Patrick v. Rivera-Lopez*, 708 F.3d 15, 18 (1st Cir. 2013) (noting that the district court's reliance on the wrong rule of civil procedure was "inconsequential" because the standard of review for both motions is the same).

Next, Cox argues that the district court erred by impermissibly engaging in fact-finding and not taking the allegations in her complaint as true. We disagree. A district court may take judicial notice of public records without converting a Rule 12(b)(6) motion into a motion for summary judgment. *See Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994). The district court's consideration of publicly available records in Cox's prior bankruptcy proceedings was not error.

Finally, Cox asserts that Defendants' failure to cite a rule of civil procedure in support of their motion to dismiss fails under the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, where a defendant raises an affirmative defense "in a manner that does not result in unfair surprise" to the plaintiff, any "technical failure to comply precisely with [Federal Rule of Civil Procedure] 8(c) is not fatal." *See Motion Med. Techs., L.L.C. v. Thermotek, Inc.*, 875 F.3d 765, 771 (5th Cir. 2017). Such is the case here, as Defendants' motion gave Cox the required notice of their intent to raise the defense of judicial estoppel.

*** 

For these reasons, we AFFIRM.

---

[7] As previously noted, Richards did not answer the complaint prior to filing the joint motion to dismiss with Canucanoe. In any event, Cox does not appear to challenge the timeliness of the motion to dismiss with respect to Richards.