Charlie DENSON and wife, Espernola Denson, Appellants,

v.

FIRST BANK & TRUST OF CLEVELAND, Texas, Appellee.

No. 09 86 229 CV.

Court of Appeals of Texas, Beaumont.

April 2, 1987.

Richard R. Burroughs, Cleveland, for appellants.

Malcolm Cohn, Cleveland, for appellee.

OPINION

BROOKSHIRE, Justice.

Appeal from the District Court's refusal to issue a temporary injunction against the foreclosure of real property under a deed of trust. Three separate tracts of land were involved. Each tract was distinctly described. The court also dissolved a temporary restraining order.

No findings of fact nor conclusions of law were requested and none were filed. We have no Statement of Facts. The bare-bones record is composed of an original Transcript and a Supplemental Transcript which, basically, contain only the Plaintiffs' [Appellants'] pleadings, the Defendant's [Appellee's] answers, the bond for the temporary restraining order and the order of dissolution. The Supplemental Transcript contains Plaintiffs' [Appellants'] Exhibit No. 1, a Deed of Trust, and Exhibit No. 2, a Notice of Substitute Trustee's Sale.

The Appellants present 3 points of error. But the 3 points of error are based on the proposition that the trustee in the deed of trust, Royce Guinn, was one and the same person who took the acknowledgment of Charlie Denson and wife, Espernola Denson, on October 9, 1985. Appellants' brief reads:

"The primary question before the Court is the validity of the Deed of Trust notarized by the named Trustee and the effect upon the Deed of Trust and its enforceability."

The Appellants simply take the position that the deed of trust was void or voidable. We disagree.

Nothing is shown that Royce Guinn had any financial interest in the note or the lien involved. He would not have benefited in any way if the deed of trust was foreclosed. Neither would he benefit if the note was paid in full, timely. Royce Guinn was Appellants' attorney and prepared the deed of trust. We conclude that the proper purpose of an acknowledgment on a deed of trust is for recording purposes and for notice to third parties, especially innocent purchasers for value without notice.

We conclude that it is a well-reasoned rule of law that neither the acknowledgment nor recordation of a deed of trust is necessary to make it a valid and binding obligation between the immediate parties thereto. Also, the proper statutory recording of such deed of trust is not essential for the conveyance of the title to the real property therein. The Beaumont Court of Appeals noted, in *Drake v. McGalin*, 626 S.W.2d 786 (Tex.App.—Beaumont 1981, no writ), as follows:

"Even though the acknowledgment taken by the notary does not meet the requirements of *Tex.Rev.Civ.Stat.Ann. arts. 6609, 6611, 6613, 6614, and 6615* (1969) such failure does not render the deed void. The statutes merely affect the proof necessary for the purpose of placing the instrument of record. The deed may not be properly recorded in the absence of compliance with such statutes; yet, where a deed is executed by a person competent to execute it, then 'neither the acknowledgment nor record is necessary to make it a valid and binding obligation.' *McCracken v. Sullivan*, 221 S.W. 336, 338 (Tex.Civ.App.—San Antonio 1920, no writ). The recording of a deed is not essential to the conveyance of title. *Thornton v. Rains*, 157 Tex. 65, 299 S.W.2d 287 (1957); *Bell v. Smith*, 532 S.W.2d 680 (Tex.Civ.App.—Fort Worth 1976, no writ)."

*TEX.PROP.CODE ANN., sec. 13.001(b)* (Vernon 1984) provides:

"(b) The unrecorded instrument is binding on a party to the instrument, on the party's heirs, and on a subsequent purchaser who does not pay a valuable consideration or who has notice of the instrument."

In the earlier case of *Shaw v. Jackson*, 227 S.W. 520 (Tex.Civ.App.—Beaumont 1920, no writ), the court held:

"If it should be conceded that the record here shows that the deed of trust was not recorded in the mortgage and lien records of Newton county, which we do not concede, still, as between the parties to that deed of trust and all other persons not in the attitude of innocent purchasers or lienholders for valuable consideration, a valid lien was thereby created on the land covered by that instrument in favor of M.W. Lowry to secure the payment of the debt by White and wife; and it is not claimed by appellant that he or any person whose interest he has acquired was an innocent purchaser or lienholder for value, and we must therefore overrule this contention."

Our court held, in *Steed v. Crossland*, 252 S.W.2d 784 (Tex.Civ.App.—Beaumont 1952, writ ref'd), that a deed is effective as against the parties when it is delivered to the grantees and, if the deed is unrecorded; nevertheless, it is also effective upon delivery as to subsequent purchasers with notice of the unrecorded deed. The court cited *TEX.REV.CIV.STAT.ANN. art. 6627* (Vernon 1969) and held that, as between the parties and their heirs, and as to all subsequent purchasers with notice and subsequent purchasers who had not paid valuable consideration, a deed, although unrecorded, shall be valid and binding. We must stress that the Supreme Court, in *Steed, supra*, refused the application for writ of error.

No error is shown and, specifically, the trial court did not err in refusing to enjoin the foreclosure of Appellants' tracts of real property by the Appellee bank under the deed of trust. The judgment of the trial court is, in all things, affirmed.

AFFIRMED.