IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2008

Charles R. Fulbruge III
Clerk

No. 06-41574

JUAN MOLINA

Plaintiff-Appellant

v.

EQUISTAR CHEMICALS LP

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CV-327

Before JONES, Chief Judge, and STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Juan Molina ("Molina") raises two issues on appeal. The first is whether the district court erred in granting Defendant-Appellee Equistar Chemicals L.P.'s ("Equistar") motion for summary judgment. The second is whether the district court erred in denying Molina's motion to alter or amend judgment. Holding that we lack jurisdiction to consider the first issue and there is no reversible error on the second, we affirm the judgment of the district court.

[*] Pursuant to 5TH CIR. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

On July 8, 2005, Molina filed this action against Equistar, alleging national origin discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, -3, and Chapter 21 of the Texas Labor Code, TEX. LABOR CODE ANN. §§ 21.051, 21.055. Molina has now abandoned his claim of national origin discrimination. With respect to his claim of retaliation, Molina alleged that he was discharged after he reported national origin discrimination to his supervisor at Equistar. Molina sought reinstatement, lost wages and benefits, and compensatory damages. Equistar answered on August 24, 2005.

After seven months of discovery, Equistar filed a motion for summary judgment on April 14, 2006. Molina responded on May 4, 2006. Subsequently, on May 18, 2006, the district court sua sponte struck Equistar's motion for summary judgment for failure to comply with Local Rule 10.2 and the district court's general order, because the courtesy copy of the motion contained a two-sided exhibit. On June 15, 2006, the district court granted Equistar leave to refile its motion and deemed the motion filed on that date.[1] This refiled motion was identical to Equistar's original motion. On June 30, 2006, the district court granted Equistar's motion for summary judgment and entered final judgment.

On July 17, 2006, Molina filed a motion for a new trial based on an error of law and newly discovered evidence, which the district court correctly construed as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). On July 28, 2006, Equistar filed its response. On September 18, 2006, the district court denied Molina's motion.

On October 17, 2006, Molina filed a notice of appeal, identifying the "order granting Summary Judgment" as the order being appealed. On October 18,

---

[1] For some reason, even though not required, Equistar separately refiled an identical motion for summary judgment on June 20, 2006.

2006, however, Molina filed a second notice of appeal, identifying the "order denying Motion for New Trial" as the order being appealed. Two weeks later, on November 1, 2006, Molina filed a motion to withdraw his October 17, 2006 notice, which the district court granted on November 5, 2006.

## II. DISCUSSION

### A. Jurisdiction

As a preliminary matter, we must identify the particular order or orders over which we have jurisdiction. See Turnbull v. United States, 929 F.2d 173, 176 (5th Cir. 1991). In regard to this appeal, the district court entered the following two orders: (1) an order granting Equistar's motion for summary judgment and (2) an order denying Molina's Rule 59(e) motion. Equistar primarily contends that we lack jurisdiction to consider the summary judgment order because Molina did not designate this order in his second notice of appeal and because he withdrew his first notice of appeal, which did designate that order. Based on Molina's actions, Equistar argues that we only have jurisdiction to review the district court's Rule 59(e) order.

Federal Rule of Appellate Procedure 3(c) provides that "[t]he notice of appeal must . . . designate the judgment, order, or part thereof appealed from." The Supreme Court has construed Rule 3 as jurisdictional in nature, see Torres v. Oakland Scavenger Co., 487 U.S. 312, 317–18 (1988), and we have explained that although we construe notices of appeal liberally, we may not waive the jurisdictional requirements if they have not been satisfied, see Pope v. MCI Telecommunications Corp., 937 F.2d 258, 266 (5th Cir. 1991). "Where the appellant notices the appeal of a specified judgment only or a part thereof, . . . this [C]ourt has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." Pope, 937 F.2d at 266 (internal quotations omitted). Thus, this Court may exercise appellate jurisdiction, despite an improper designation under Rule (3), only

"where it is clear that the appealing party intended to appeal the entire case." Trust Co. Bank v. U.S. Gypsum Co., 950 F.2d 1144, 1148 (5th Cir. 1992).

Although Molina clearly violated Rule 3(c) by not designating the summary judgment order in his second notice of appeal, this error does not necessarily defeat his right to appeal that order. Indeed, we must examine whether "it is clear, from the face of the notice, that the appeal intends to raise all issues." Pope, 937 F.2d at 266–67. Here, there is nothing to indicate that Molina intended to appeal the summary judgment order. Molina had both orders before him, but his second notice of appeal referred only to the Rule 59(e) order. Additionally, although Molina referenced the summary judgment order in his first notice, he subsequently filed a motion with the district court to withdraw it, which was granted. Such an express withdrawal supports Equistar's argument that Molina only intended to appeal the denial of his Rule 59(e) motion. Furthermore, Molina's brief does nothing to suggest that, separate and distinct from his Rule 59(e) motion, he intended to appeal the summary judgment order.[2] Based upon these facts, we conclude that Molina expressly abandoned his appeal of the underlying award of summary judgment. See A & A Wrecker Serv. Inc. v. City of Galveston, No. 97-40803, 1998 WL 307727, at *3–4 (5th Cir. May 19, 1998) (per curiam) (unpublished); Capital Parks, Inc. v. Se. Adver. & Sales Sys., Inc., 30 F.3d 627, 630 (5th Cir. 1994); C. A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir. 1981) (per curiam).

---

[2] In his brief, Molina makes no distinction between evidence that was before the district court on summary judgment and the allegedly "newly discovered" evidence discussed in his Rule 59(e) motion. Molina repeatedly refers to information in his allegedly "newly discovered" evidence––two depositions, a declaration, and a document––in his discussion of the district court's summary judgment decision, even though such evidence was not before the court at that time. This use of evidence outside the summary judgment record in his brief lends support to Equistar's argument that Molina did not intend to appeal the summary judgment order. Importantly, Molina never argued that the district court erred in granting summary judgment solely on the evidence it had before it at the time; instead, he relies heavily on the allegedly "newly discovered" evidence contained in his Rule 59(e) motion.

Therefore, Molina has only perfected an appeal of the district court's order denying his Rule 59(e) motion.

## B. Denial of Molina's Rule 59(e) Motion

The denial of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) is reviewed for abuse of discretion. See Templet v. HydroChem Inc., 367 F.3d 473, 477 (5th Cir. 2004). "Under this standard of review, the district court's decision and decision-making process need only be reasonable." Id. "However, to the extent that a ruling was a reconsideration of a question of law . . . the standard of review is de novo." Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).

Molina appeals the district court's denial of his Rule 59(e) motion. "A Rule 59(e) motion calls into question the correctness of a judgment." Templet, 367 F.3d at 478 (internal quotations omitted). We have noted that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Id. at 479. Such a motion may not be used simply "for rehashing evidence, legal theories, or arguments" that could have been offered before judgment was entered. Id.; see also Swanson v. Perez, No. 05-10445, 2007 WL 2326160, at *2 (5th Cir. Aug. 15, 2007) (per curiam) (unpublished) (stating that "[s]uch motions cannot be used to invoke arguments which were available prior to judgment and should have been made before the judgment issued and cannot be used to raise a new legal theory of the case"). Rather, this type of motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet, 367 F.3d at 479 (internal quotations omitted). Thus, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" that was not available before the judgment issued. Schiller v. Physicians Res. Group Inc., 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations omitted).

We have previously held that a lower court may only entertain a Rule 59(e) motion based on evidence not in the summary judgment record under "extraordinary circumstances." ICEE Distribs., Inc. v. J&J Snack Foods Corp., 445 F.3d 841, 847 (5th Cir. 2006). A party's "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." Id. (internal quotations omitted). A Rule 59(e) motion should only be granted where there is new evidence that (1) probably changes the outcome of the case; (2) could not have been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching. See, e.g., Infusion Res., Inc. v. Minimed, Inc., 351 F.3d 688, 696–97 (5th Cir. 2003).

Molina raised two issues in his Rule 59(e) motion. First, Molina argued that the district court erred in not providing him with ten days to respond to Equistar's refiled motion for summary judgment as required by Rule 56(c). Second, Molina argued that he had "newly discovered" evidence that warranted reconsideration of the judgment entered against him. The district court soundly rejected both arguments, and on appeal, Molina simply reasserts them. We consider both in turn.

We first evaluate whether the district court committed a manifest error of law when it ruled on Equistar's motion for summary judgment without a new or supplemental response from Molina. We conclude that the court did not commit legal error, because Molina was given the requisite amount of time to respond to Equistar's motion. Equistar filed its motion on April 14, 2006, the last day for filing dispositive motions under the court's scheduling order. The district court provided Molina with a full twenty days in which to respond, pursuant to Southern District of Texas Local Rule 7.3, which he did on May 4, 2006. Molina's response contained no qualifier or claim that he had not been afforded ample time to respond or conduct discovery. In fact, Molina expressly asserted

that he offered "well-reasoned rebuttals" to Equistar's motion, which were accompanied by "ample summary judgment evidence to create a fact question." The fact that the district court struck Equistar's April 14, 2006 motion for a technical defect and allowed Equistar to refile its motion on June 15, 2006 is irrelevant. Such a refiling of an identical motion does not entitle Molina to submit a new or supplemental response.

Nevertheless, even if this refiling did present Molina with an opportunity to file a new or supplemental response, the district court did not act improperly when it ruled on Equistar's motion. The district court granted Equistar leave to refile its motion, deemed that motion filed as of June 15, 2006, and provided the parties with notice of this action. Consequently, under Rule 56(c), Molina had until June 29, 2006 to respond. When the district court ruled on Equistar's motion on June 30, 2006, it had afforded Molina the requisite time to respond.[3] As a result, we conclude that the district court did not commit legal error.

We next consider whether the district court abused its discretion when it refused to reconsider its summary judgment order in light of Molina's allegedly "newly discovered" evidence.[4] Molina claims that he is entitled to such reconsideration because Equistar failed to timely produce witnesses for deposition and critical documents. This argument, however, is disingenuous. Even though discovery began on August 29, 2005, Molina waited over seven months until March 28, 2006, one month before the discovery deadline, before

---

[3] Although Local Rule 7.3 provides a party with twenty days to respond to a motion for summary judgment, the district court, in its discretion, may "shorten or extend time periods" as it deems appropriate. S.D. Tex. Local Rule 7.3. In this case, the district court's exercise of its discretion to shorten the time for response and rule on the motion on June 30, 2006 was reasonable. Molina had already responded to the identical motion for summary judgment on May 4, 2006 and had not indicated any desire to file a new or supplemental response. Morever, the trial date of July 5, 2006 was rapidly approaching.

[4] Molina's allegedly "newly discovered" evidence included (1) the deposition of Equistar employees Albert Hesseltine and Michael Peterson, (2) the declaration of Equistar employee Albert Alvarado, and (3) Equistar's Corrective Action Procedure document.

propounding written discovery to Equistar. Molina then waited three additional weeks before informing Equistar that he wanted to depose twelve witnesses. After considering the time constraints, as trial was set for July 5, 2006, Molina decided to depose only two witnesses––Hesseltine and Peterson––which occurred on May 31, 2006.[5] It was during these depositions that Molina learned of certain documents, including Equistar's Corrective Action Procedure, which he subsequently requested and Equistar produced on June 22, 2006. At no point during discovery did Molina ask the district court for additional time to file a new response or leave to amend his prior response. Based upon this record, Molina completely failed to demonstrate why he could not have pursued this "critical" discovery earlier in the litigation by proper diligence. Had Molina complied with the discovery deadlines and aggressively sought to depose the necessary Equistar employees and request appropriate documentation, he would have easily been able to present this evidence in his response to Equistar's motion for summary judgment. Molina, however, did not do so and instead unsuccessfully attempts to blame Equistar. We conclude that the district court did not abuse its discretion when it refused to reconsider its judgment based on Molina's allegedly "newly discovered" evidence. See ICEE Distribs., Inc., 445 F.3d at 847; Infusion Res., Inc., 351 F.3d at 696–97. Accordingly, we hold that the district court did not err in denying Molina's Rule 59(e) motion.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM.

---

[5] Notably, Molina did not request the transcripts of these two depositions from the court reporting service until June 30, 2006.