# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2013

No. 13–50407
Summary Calendar

Lyle W. Cayce
Clerk

ANGIE HUDSON,

Plaintiff - Appellant,

v.

JP MORGAN CHASE BANK, N.A.; LONG BEACH MORTGAGE COMPANY;
THE BANK OF NEW YORK TRUSTEE UNDER THE POOLING AND
SERVICING AGREEMENT SERIES 2000–5,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13–CV–174

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Angie Hudson ("Hudson") appeals the district court's dismissal of her claims against Defendant-Appellee JP Morgan Chase Bank, N.A. ("JPMC") and dismissal for failure to prosecute and comply with the court's order. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50407

## I.

On June 21, 2000, Hudson sold her home, located at 1002 Hidden Hills Drive, Dripping Springs, Texas 78620, to her mother, Aloma Kennedy. Kennedy then executed a deed of trust with America's Wholesale Lender. This deed was later assigned to the Bank of New York ("BONY").[1] On July 8, 2005, Hudson entered into a second deed of trust with Long Beach Mortgage Company ("Long Beach"), thereby encumbering the same property that was the subject of Kennedy's first deed of trust.[2] During that time, Long Beach was a subsidiary of Washington Mutual.[3] Subsequently, JPMC acquired the deed of trust from Washington Mutual.

Eventually, JPMC initiated foreclosure proceedings, and Hudson filed suit in state court against JPMC, Long Beach, and BONY to enjoin those proceedings.[4] Hudson alleged violations of Texas Local Government Code § 192.007, the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), and the Texas Debt Collection Act ("TDCA"), and also petitioned the court for a quiet title action. JPMC removed the action to the district court on March 1, 2013 and later filed a motion to dismiss all of Hudson's claims against it under Federal Rule of Civil Procedure 12(b)(6). The district

---

[1] For reasons stated later in this opinion, we note that BONY was not a party to the proceedings below when the district court entered its judgment. Therefore, we have no jurisdiction over BONY as no final judgment has been rendered with regard to BONY. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States . . . .") (emphasis added).

[2] None of the facts allege that Hudson re-acquired the property before entering into the second deed of trust.

[3] Although Long Beach is still listed as a defendant in this case, it was never served and JPMC asserts that it no longer exists.

[4] We see no reason for Hudson to have included BONY in the suit considering that the deed of trust upon which JPMC foreclosed was not the same deed as that executed in favor of BONY.

2

No. 13-50407

court granted the motion. The court gave Hudson twenty days to amend her complaint. After Hudson failed to amend, the district court entered an order dismissing all of Hudson's claims for want of prosecution and failure to comply with its previous order directing her to amend her complaint within twenty days. Neither BONY nor Long Beach has been served by Hudson. Despite the lack of service, BONY's counsel filed a notice of appearance after the district court entered judgment against Hudson. Hudson appeals.

## II.

We review a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (citation omitted). Because motions to dismiss under 12(b)(6) are "viewed with disfavor and [] rarely granted[,]" courts construe facts in the light most favorable to the nonmoving party. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (internal quotation marks omitted) (citation omitted). Dismissal is proper only if the complaint fails to plead sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, the complaint must allege enough facts to move the claim "across the line from conceivable to plausible." *Id.* Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted).

## III.

As a threshold matter, we note that Hudson has waived a number of issues, one of which provides an alternative basis upon which to affirm the district court's judgment. Hudson's brief fails to discuss her claims under RESPA and TILA; therefore, she has waived those claims, and we therefore will not consider them on appeal. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) ("Failure adequately to brief an issue on appeal

constitutes waiver of that argument.") (collecting citations).  Hudson has also failed to brief the district court's dismissal of her suit for want of prosecution and failure to comply with a court order.  Accordingly, Hudson has waived any challenge she may have had to those portions of the district court's judgment. *See id.*  We now proceed to the arguments Hudson has chosen to raise on appeal.

**A.     Texas Local Government Code § 192.007**

Hudson first contends that the district court erred in holding that she lacked standing to bring suit under Tex. Loc. Gov't Code § 192.007. We disagree. Hudson again fails to challenge a number of the district court's reasons for dismissing this claim—specifically, that § 192.007 does not provide a private right of action and does not impose a recordation requirement on JPMC. Accordingly, we need not consider her challenge to these issues.  *See James*, 719 F.3d at 459 n.9 (citations omitted).  Even if Hudson had not waived these arguments, we nevertheless affirm the district court's judgment on this issue.

Section 192.007(a) states as follows:

> To release, transfer, assign, or take another action relating to  an instrument that is filed, registered, or recorded in the office  of the county clerk, a person must file, register, or record another instrument relating to the action in the same manner as the original instrument was required to be filed, registered, or recorded.

*Id.*  We need not address whether § 192.007(a) provides Hudson a private right of action because regardless of whether Hudson has standing, § 192.007 does not impose upon JPMC a duty to record the assignment of the deed of trust. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 722 F.3d 700, 705 n.27 (5th Cir. 2013) ("[T]his obscure provision . . . is best read as a procedural directive to county clerks, not as a prerequisite to the validity of assignments."). *See also Bittinger v. Wells Fargo Bank NA*, 744 F.  Supp. 2d 619, 625 (S.D. Tex. 2010)

No. 13-50407

("Under Texas law there is no requirement that the deed of trust assignment be recorded."); *In re Cowin*, 492 B.R. 858, 889 (Bankr. S.D. Tex. 2013) (quoting *Hill v. U.S. Bank, NA* (*In re Perry*), No. 11–35205, 2013 WL 504859, at *3 (Bankr. S.D. Tex. Feb. 8, 2013)) ("[T]he absence of recordation in compliance with section 192.007 of the Texas Local Government Code does not affect the validity of the assigned deed of trust *between the homeowner and the lender*.") (internal quotation marks omitted).

Because the validity of JPMC's deed of trust is not affected by its failure to comply with § 192.007, Hudson's allegations as to JPMC's lack of authority to foreclose are without merit. Therefore, we affirm the district court's dismissal of this claim. *See Broyles v. Chase Home Fin.*, No. 3:10–CV–2256G, 2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011) (citing *Denson v. First Bank & Trust of Cleveland*, 728 S.W. 2d 876, 877 (Tex.App.—Beaumont 1987, no writ)) ("Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments.") (citing *Denson v. First Bank & Trust of Cleveland*, 728 S.W. 2d 876, 877 (Tex. App.—Beaumont 1987, no writ) and *Shaw v. Jackson*, 227 S.W. 520, 522 (Tex. Civ. App.—Beaumont 1920, no writ)).

B.    Texas Debt Collection Act

Similarly, Hudson challenges the district court's holding that she lacked standing to assert a claim under the TDCA. Hudson contends that not only does she have standing, but JPMC violated the TDCA when it attempted to collect payment from her under the deed of trust. We decline to determine whether Hudson has standing as we find her claim under the TDCA to lack merit.

Hudson contends that JPMC violated Tex. Fin. Code § 392.301(a)(8).[5] Section 392.301(a)(8) prohibits debt collectors from "threatening to take an

---

[5] Hudson cites to § 392.301(8); however, we assume she intended to cite to § 392.301(a)(8) since there is no § 392.301(8). Tex. Fin. Code. § 392.301(8).

action prohibited by law" when attempting to collect on a debt. *Id.* at §
392.301(a)(8). Essentially, Hudson alleges that JPMC has failed to provide
adequate proof that it is the proper holder of the deed of trust.[6] This argument
fails, however, as we have previously held that "the mortgage servicer need not
hold or own the note and yet would be authorized to administer a foreclosure."
*Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013)
(citation omitted); *see also Wheeler v. JPMorgan Chase Bank, Nat'l Ass'n,* No.
4:13–cv–364, 2013 WL 3965304, at *3 (S.D. Tex. Aug. 1, 2013)("[T]he chain of
assignments is itself sufficient to establish standing to foreclose, even without
the original note." (citation omitted)). Here, contrary to Hudson's allegations,
JPMC has provided documentation demonstrating that it received the deed of
trust from Washington Mutual who was the successor in interest to Long
Beach—the party with whom Hudson executed the deed of trust. Any
misgivings Hudson may have about the chain of assignments are not supported
by the allegations in her complaint. Accordingly, the district court did not err
in dismissing Hudson's claim under the TDCA.

## C.    Quiet Title Action

Hudson also fails to plead a cognizable quiet title action. "A suit to quiet
title or to remove a cloud can be maintained only by a person owning an interest
in the property involved." *Bell v. Ott*, 606 S.W.2d 942, 953 (Tex. App.—Waco
1980, writ ref'd. n.r.e.). Hudson alleges that she sold the property at issue to her
mother. At no point in her complaint does she mention re-acquiring the
property. However, construing the facts in the light most favorable to Hudson,
we assume that she has some level of interest in the property because she was

---

[6] In addition, Hudson asserts that the deed of trust is unenforceable because of fraud.
However, as she fails to plead facts sufficient to "permit the court to infer more than the mere
possibility of misconduct," we find this claim implausible. *Harold H. Huggins Realty, Inc. v.
FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011).

No. 13-50407

able to execute a deed of trust with Long Beach. Nevertheless, Hudson still fails to provide sufficient evidence in support of her quiet title claim.

A quiet title action "relies on the invalidity of the defendant's claim to the property." *Morlock, LLC v. JP Morgan Chase Bank, NA*, No. 12–20623, 2013 WL 2422778, at *1 (5th Cir. June 4, 2013) (per curiam) (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)) (internal quotation marks omitted). Accordingly, Hudson must prove that she has "superior equity and right to relief." *Id.* at *1 (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex.App.—Houston [1st Dist.] 2009, pet. denied)) (emphasis omitted)(internal quotation marks omitted). Ultimately, Hudson "must prove and recover on the strength of [her] own title, not the weakness of [her] adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) (citation omitted). Hudson has failed to meet this burden.

In *Morlock*, a recent case before this court, the plaintiff contested whether the deed of trust had been properly assigned to the defendant. *Morlock LLC*, 2013 WL 2422778, at *2. We held that, because the plaintiff did not contest the validity of the deed of trust or claim an interest superior to the defendant, there was no valid quiet title action. *Id.* We concluded that the plaintiff's claim failed since it merely questioned the defendant's "authority to enforce the [d]eed of [t]rust." *Id.* Likewise, Hudson's claims center around whether JPMC was properly assigned the deed of trust and thus able to foreclose on her property. Moreover, she fails to prove and recover on the strength of [her] own title" to the property. *See Fricks*, 45 S.W.3d at 327. Therefore, we agree with the district court that Hudson failed to allege a cognizable quiet title action.

**D.    BONY**

Finally, we note that, despite its lack of involvement before the district court, BONY has filed a brief before this Court, requesting that the dismissal

below be affirmed.  Based on our review of the record, BONY was not a party to the action when the district court dismissed the suit.  *See Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1472 (5th Cir. 1990) ("[S]ince no service was obtained on [the defendant], nor did it make an appearance in the district court, [that defendant] never became a party to the plaintiff's suit.") (quoting *Nagle v. Lee*, 807 F.2d 435, 438 (5th Cir. 1987)).  *See also Ins. Co. of N. Am. v. Dealy*, 911 F.2d 1096, 1099 (5th Cir. 1990) ("Because [the defendant] was never properly before the district court it did not have the requisite competence to render a judgment against her.").

Consequently, we conclude that there has not been a final decision involving BONY from which we can derive jurisdiction.  *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States.").  Accordingly, we refrain from reaching any of Hudson's claims against BONY herein as we have no jurisdiction over those claims.[7]

## IV.

For the foregoing reasons, we AFFIRM the district court's dismissal of Hudson's claims against JPMC.  We further AFFIRM the district court's dismissal of Hudson's suit for want of prosecution and failure to comply with the court's order.

---

[7] This holding does not remove Hudson's appeal from our jurisdiction. *See Fed. Sav. & Loan Ins. Corp.*, 894 F.2d at 1472 ("[S]ubsequent action regarding the unserved defendant, such as a dismissal, does not prevent a section 1291 final judgment as to all served defendants without a Rule 54(b) certification.").