# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10276
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2017

Lyle W. Cayce
Clerk

CHERYL JOHNSON–WILLIAMS, also known as Cheryl Angrum,

> Plaintiff - Appellant

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED; CITIMORTGAGE, INCORPORATED; SHELLEY ORTOLANI, substitute trustees,

> Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-3927

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Defendant–Appellee CitiMortgage, Incorporated, noticed Plaintiff–Appellant Cheryl Johnson–Williams's home for a non-judicial foreclosure sale after she defaulted on her note. Johnson–Williams then filed suit against Defendants–Appellees in state district court, and the suit was removed to

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10276

federal district court.   The district court dismissed Johnson–Williams's complaint and denied her motion for reconsideration.   Johnson–Williams now appeals.   We AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In September 2006, Plaintiff–Appellant Cheryl Johnson–Williams, née Angrum, purchased property located in Grand Prairie, Texas (the Property). In connection with that purchase, she executed a Note in favor of Everett Financial, Inc., d/b/a Supreme Lending (Everett).   The Note was secured by a Deed of Trust.   The Deed of Trust named Defendant–Appellee Mortgage Electronic Registration Systems, Inc. (MERS)[1] as the beneficiary of the Deed of Trust "solely as the nominee for [Everett] . . . and [Everett's] successors and assigns."   The Deed of Trust provided that MERS "has the right: to exercise any or all of [Everett's or its successors and assigns'] interests, including, but not limited to, the right to foreclose and sell the Property."   In January 2012, MERS executed an Assignment of the Deed of Trust in favor of Defendant– Appellee CitiMortgage, Inc. (CMI), who—following Johnson–Williams's default on the Note—noticed the property for an August 5, 2014, non-judicial foreclosure sale.   CMI bought the property at the foreclosure sale, with Defendant–Appellee Shelley Ortolani executing the Substitute Trustee's Deed conveying the property to CMI.

---

[1] As this court has previously recognized, "MERS is a membership organization whose members include residential mortgage lenders and servicers, such as [Everett]." *Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545, 549 (5th Cir. 2015).   MERS operates an "electronic registry . . . that tracks servicing rights and mortgage ownership in the United States." *Id.* "When a borrower obtains a home loan from a MERS-member bank, MERS is listed as the 'beneficiary' on the deed of trust.   The promissory note, however, is executed in favor of the bank." *Id.*

2

No. 16-10276

Johnson–Williams, proceeding pro se, filed suit in Texas state court naming, in relevant part, MERS, CMI, and Ortolani as defendants.[2]  She asserted causes of actions for fraud (based at least in part on alleged violations of section 12.002 of the Texas Civil Practice and Remedies Code) and slander of title, and sought declaratory and injunctive relief.  MERS and CMI removed the case to the United States District Court for the Northern District of Texas, asserting that Ortolani was improperly joined to defeat diversity jurisdiction.[3]  The district court assigned the case to a magistrate judge for the resolution of all non-dispositive pre-trial motions and for reports and recommendation regarding dispositive motions.  The magistrate judge issued a scheduling order setting a July 2, 2015, deadline for Johnson–Williams to move to amend her complaint or to add parties.

MERS and CMI moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  On July 16, 2015, the magistrate judge recommended that the motion be granted.  The magistrate judge recognized that courts typically give pro se plaintiffs like Johnson–Williams an opportunity to amend their complaint before dismissing it, but concluded that granting leave would be futile because all of Johnson-Williams's claims "are based on the invalid 'show-me-the-note' and 'split-the-note' theories or . . . on the alleged invalidity of the Assignment, which [Johnson–Williams] lacks standing to challenge."

On August 7, 2015—more than a month after the deadline set by the magistrate judge—Johnson–Williams moved to amend her complaint and to add Everett and the Government National Mortgage Association (Ginnie Mae)

---

[2] Johnson–Williams also initially named Everett as a defendant, but non-suited Everett prior to removal.

[3] Johnson–Williams does not dispute that Ortolani was improperly joined nor consequently that diversity jurisdiction exists. *See Rojas v. Wells Fargo Bank, N.A.,* 571 F. App'x. 274, 277–78 (5th Cir. 2014) (per curiam) (recognizing substitute trustee on deed of trust was improperly joined for purposes of destroying diversity jurisdiction).

No. 16-10276

as defendants.   Johnson–Williams's proposed amended complaint largely overlapped with her prior complaint, but did assert several new grounds for relief.   In relevant part, she asserted a claim for quiet title asking that the Assignment be declared "invalid or unenforceable" because it was not recorded in compliance with section 192.007 of the Texas Local Government Code.

The magistrate judge denied Johnson–Williams's motion to amend and add party defendants on August 13, concluding that amendment would be futile.   With respect to Johnson–Williams's new quiet title claim based on an alleged violation of section 192.007(a), the magistrate judge concluded that the claim necessarily failed because section 192.007(a) does not require an assignment be recorded in order to be effective as to the parties to such assignment and, in any event, the Assignment was recorded.

On August 19, 2015, the district court—after reviewing for plain error based on Johnson–Williams's failure to object—concluded that the magistrate judge's recommendation for dismissal should be accepted and granted MERS and CMI's motion to dismiss.   That same day, the district court rendered final judgment dismissing Johnson–Williams's suit with prejudice.

On August 24, 2015, Johnson–Williams moved for reconsideration under Federal Rule of Civil Procedure 60(b).[4]   Johnson–Williams's motion did not contest the dismissal of her claims; it conceded that Johnson–Williams's live

---

[4] Johnson–Williams's motion did not identify the rule pursuant to which it was brought.   The district court and magistrate judge construed it is a Rule 60(b) motion based on the newly discovered evidence it contained, not as a Rule 72(a) objection to the magistrate judge's denial of leave to amend and add party defendants.   Johnson–Williams did not dispute that characterization below and does not do so on appeal.   Accordingly, she has not preserved any potential argument that her motion for reconsideration should be construed as an objection to the magistrate judge's order, and concomitantly, has not preserved appellate review of that order.   *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in [a magistrate judge's non-dispositive] order not timely objected to."); *see also, e.g.*, *Flores v. Sch. Bd. of De Soto Par.,* 116 F. App'x 504, 511 (5th Cir. 2004) (per curiam) (declining to review magistrate judge's denial of leave to amend where plaintiff failed to object to it in the district court).

complaint "did not properly assert . . . valid claims." Rather, it asserted that she should be granted leave to amend and add party defendants in light "of newly discovered evidence and a factual witness"—namely, a chain of title analysis opining that certain laws had been violated in the transfer and sale of the Property, and the private investigator who prepared that analysis. Johnson–Williams stated that she did not receive the chain of title analysis until August 13, 2015, nearly a week after she moved for leave to amend and add party defendants.

The magistrate judge recommended that Johnson–Williams's Rule 60(b) motion be denied, finding no indication that the chain of title analysis "was not previously available to her" or "could not have been obtained earlier with reasonable diligence." The magistrate judge also found that, even if the chain of title analysis was considered, it would not have produced a different outcome because the theories implicated by the analysis—including the theory "regarding the lack of recordation of the assignment, which implicates Tex. Local Gov't Code § 192.007(a)"—fail as a matter of law.

Johnson–Williams did not object to the magistrate judge's recommendation, and on March 3, 2016, the district court, after reviewing the recommendation for plain error, accepted the recommendation and ordered that Johnson–Williams's motion for reconsideration be denied. Johnson–Williams filed her notice of appeal on March 10, 2016, appealing only "the Order dated March 3, 2016 (doc. 28) Accepting Findings and Recommendation of the United States Magistrate Judge Denying Plaintiff/Appellant's Motion for Reconsideration filed August 24, 2015 (doc. 25)."

## II. JURISDICTION

Before addressing the merits of Johnson–Williams's appeal, "we must identify the particular order or orders over which we have jurisdiction." *Molina v. Equistar Chems. LP*, 261 F. App'x 729, 731 (5th Cir. 2008) (per

curiam). Relevant to this inquiry are three separate orders: (1) the district court's order accepting the magistrate judge's recommendation to dismiss Johnson–Williams's claims with prejudice; (2) the magistrate judge's order denying Johnson–Williams's motions for leave to amend and add party defendants; and (3) the district court's order accepting the magistrate judge's recommendation to deny Johnson–Williams's Rule 60(b) motion. MERS and CMI argue that we only have jurisdiction to review the third order because that is the only order identified in Johnson–Williams's notice of appeal. We agree.

Federal Rule of Appellate Procedure 3(c)(1)(B) provides that "[t]he notice of appeal must . . . designate the judgment, order, or part thereof being appealed." This dictate is jurisdictional in nature, and its satisfaction is a prerequisite to appellate review. *See Smith v. Barry*, 502 U.S. 244, 248 (1992); *see also Lockett v. Anderson*, 230 F.3d 695, 699–700 (5th Cir. 2000). Although this court will liberally construe notices of appeal to find compliance, we may not waive the requirement altogether. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317–18 (1998); *see also Molina*, 261 F. App'x at 732. "Where the appellant notices the appeal of a specified judgment only or a part thereof, . . . this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." *Molina*, 261 F. App'x at 732 (omission in original) (quoting *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 266 (5th Cir. 1991)); *see also Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 565 (5th Cir. 2003). Thus, this court only has jurisdiction to review an unmentioned ruling where the intent to appeal that ruling is "apparent" or "clear." *R.P. ex rel. R.P. v. Alamo Heights Indep. Sch. Dist.*, 703 F.3d 801, 808 (5th Cir. 2012) (first quoting *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981), then quoting

No. 16-10276

*Alberta Energy Partners v. Blast Energy Servs., Inc.*, 593 F.3d 418, 424 n.3 (5th Cir. 2010)).

Here, it is neither apparent nor clear that Johnson–Williams intended to appeal the dismissal of her claims or the denial of leave to amend and to add party defendants separate from the denial of her Rule 60(b) motion. Johnson–Williams's notice of appeal only refers to the denial of her Rule 60(b) motion. In that motion, Johnson–Williams sought reconsideration of the denial of leave to amend and add party defendants in light of evidence she received after she filed her motions for leave to amend and to add party defendants (not the record at the time of the magistrate judge's denial), and expressly recognized that dismissal of her claims was proper because her live complaint "did not properly assert . . . valid claims." This suggests that Johnson–Williams, consistent with her notice of appeal, did not intend to appeal those underlying orders. Moreover, it is not apparent or clear from Johnson–Williams's briefing on appeal that she intended to appeal anything other than the denial of her Rule 60(b) motion.[5] Under these circumstances, our jurisdiction is limited to reviewing the denial of Johnson–Williams's Rule 60(b) motion. *See Molina*,

---

[5] Johnson–Williams's brief does contain separate arguments regarding the denial of her motion for reconsideration and the denial of leave to amend and add party defendants. But, importantly, the section addressing denial of leave to amend and add party defendants does not argue that leave was improperly denied based on the record at the time of the magistrate judge's denial. Rather, it relies upon the "newly discovered information" contained in her Rule 60(b) motion. This reliance on evidence that was not in the record at the time the magistrate judge's original decision suggests Johnson–Williams intended to only appeal the denial of the Rule 60(b) motion. *See Molina*, 261 F. App'x at 732 n.2. Similarly, while Johnson–Williams's brief contains a separate section arguing that she has standing to challenge the Assignment, Johnson–Williams's brief does not make clear her intent to appeal the dismissal of her claims. Johnson–Williams's brief, for instance, assumes that MERS and CMI "were right in their assertions in their Motion to Dismiss"; does not pray that the dismissal order be vacated; and grounds her standing argument in MERS and CMI's alleged violation of section 192.007 of the Texas Local Government Code—a claim she did not assert in her dismissed complaint. Thus, Johnson–Williams's argument appears to be that, in light of the evidence contained in her Rule 60(b) motion, amendment would not be futile—not that the district court's underlying dismissal order was erroneous.

261 F. App'x at 732 & n.2 (concluding court lacked jurisdiction to review summary judgment order where notice of appeal only identified the denial of a Rule 59(e) motion that sought reconsideration of that order based on "newly discovered" evidence).

## III. NO PLAIN ERROR

We generally review the denial of a motion for reconsideration under Rule 60(b) for abuse of discretion. *See Perez v. Stephens*, 745 F.3d 174, 177 (5th Cir. 2014). Our review, however, is limited to plain error when the complaining party failed to object to the magistrate judge's recommendation after the party was warned of the consequences of failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).[6] Here, the magistrate judge's written report recommending denial of Johnson–Williams's Rule 60(b) motion warned that "[f]ailure to file specific written objections [within 14 days of service] will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted and adopted by the district court, except upon grounds of plain error." Yet Johnson–Williams did not file any written objections to the magistrate judge's recommendation. Accordingly, we review the denial of Johnson–Williams's motion for reconsideration for only plain error. To establish plain error, Johnson–Williams "must show (1) error (2) that is plain and (3) that affects [her] substantial rights." *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 675 (5th Cir. 2015). "Even if those three prongs are satisfied, we have the discretion to remedy the error but only if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

---

[6] 28 U.S.C. § 636(b)(1) expanded the period during which a party could object to the magistrate judge's recommendation from 10 days after service to 14 days. It otherwise left the holding of *Douglass* intact.

No. 16-10276

"Under Rule 60(b)(2), 'to succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that [she] exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (alteration omitted) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)).[7]  Johnson–Williams has failed to make either showing.  As an initial matter, she has not explained why she could not have obtained the chain of title analysis before judgment was rendered.  All of the documents relied upon in the analysis predate the lawsuit, and the affidavit from the author of the analysis does not indicate that he was unavailable to conduct the analysis before judgment was rendered.  The mere fact that Johnson–Williams did not obtain the analysis until after judgment was rendered does not establish that it could not have been obtained before then with the exercise of diligence.  *See Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009) (concluding district court did not abuse its discretion in denying Rule 60(b) motion where movant did not receive evidence until after judgment, but failed to show that it could not have been obtained that evidence before judgment with due diligence).

In any event, the chain of title analysis would not have changed the outcome of the lawsuit.  Drawing on that analysis, Johnson–William argues

---

[7] On appeal, Johnson–Williams asserts that her Rule 60(b) motion can also be construed as one alleging fraud, misrepresentation, or misconduct, and thus analyzed under Rule 60(b)(3).  We do not reach this issue, however, because Johnson–Williams did not raise it below and provides no argument in support of this assertion on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (recognizing that, while this court grants leeway to pro se litigants, they still may not raise new issues on appeal and must brief arguments to preserve them).

No. 16-10276

that she can state a quiet title claim because the Assignment was not recorded in compliance with section 192.007(a) of the Texas Local Government Code and is, therefore, invalid.[8]  As we have repeatedly explained, section 192.007(a) does not impose a duty to record, and thus does not invalidate deeds of trust merely because subsequent assignments of that deed are not recorded.  *See Harris Cty. v. MERSCORP, Inc.*, 791 F.3d 545, 554–56 (5th Cir. 2015) (collecting cases where "this court has already explained that it discerns no duty to record in the text of section 192.007").  But even if that were not the case, Johnson–Williams's quiet title claim would still necessarily fail.  "Under Texas law, a plaintiff asserting a quiet title claim has the burden of establishing his superior right to the property and '[can]not rely on the weakness of his adversary's title.'"  *Mason v. Fremont Inv. & Loan*, --- F. App'x ---, 2016 WL 6652692, at *2 (5th Cir. 2016) (per curiam) (alteration in original) (quoting *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.)); *see also Hudson v. JP Morgan Chase Bank, N.A.*, 541 F. App'x 380, 385 (5th Cir. 2013) (per curiam).  "[A]rguments that merely question the validity of an assignment of a deed of trust . . . are not a sufficient basis for a quiet title action under Texas law."  *Mason*, 2016 WL 6652692, at *2 (omission in original) (quoting *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 383 (5th Cir. 2014) (per curiam)); *see also Hudson*, 541 F. App'x at 385.  Because Johnson–Williams merely questions the validity of the Assignment, without demonstrating her superior right to the property, she cannot state a quiet title claim.  *Mason*, 2016 WL 6652692, at *2; *see also Hudson*, 541 F. App'x at 385.

---

[8] Because Johnson–Williams does not address any of the other claims she asserted below in her brief, they have not been preserved for this court's review.  *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (per curiam) ("Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." (citation omitted)).

The district court, therefore, did not plainly err in denying Johnson–Williams's motion for reconsideration.

## IV. CONCLUSION

For the foregoing reasons we AFFIRM the judgment of the district court.