# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10365
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2018

Lyle W. Cayce
Clerk

CHERYL JOHNSON-WILLIAMS, also known as Cheryl Angrum,

Plaintiff - Appellant

v.

CITIMORTGAGE, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2072

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

In 2006, Cheryl Johnson-Williams bought a house in Grand Prairie, Texas. She funded the purchase by executing a note in favor of Everett Financial, Inc., in the amount of $169,078. A deed of trust secured the note. The original beneficiary of the mortgage assigned the deed to CitiMortgage, Inc. When Johnson-Williams defaulted on the note, CitiMortgage noticed a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10365

non-judicial foreclosure sale for August 5, 2014. CitiMortgage then bought the property and received a substitute trustee's deed.

Then began a troika of lawsuits, culminating in the one at hand. Johnson-Williams[1] sued CitiMortgage (among others) in Texas state court, alleging fraud, violations of Texas Civil Practice and Remedies Code § 12.002, and slander of title. *See Johnson-Williams v. Mortg. Elec. Registration Sys., Inc.*, 675 F. App'x 396, 397 (5th Cir. 2017) (per curiam). The case was removed to federal court and ultimately dismissed. *See id.* at 397-99. The district court determined that her challenges to the validity of the loan documents rested on theories rejected in the Texas courts and that she lacked standing to challenge the assignment of the deed to CitiMortgage. *See Johnson-Williams v. CitiMortgage, Inc.*, No. 3:14-CV-3927, 2015 WL 4997811, at *4-11 (N.D. Tex. Aug. 19, 2015). We affirmed. *See Johnson-Williams*, 675 F. App'x at 402.

CitiMortgage then filed a forcible detainer action in a Texas justice of the peace court. *Johnson v. CitiMortgage, Inc.*, No. 05-16-00931-CV, 2017 WL 2871453, at *1 (Tex. App.—Dallas July 5, 2017, no pet.) (mem. op., not designated for publication). A forcible detainer action determines the right to immediate possession of a property, but not the merits of title. *See Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.).[2] The justice court entered judgment in favor of CitiMortgage, which the county court and court of appeals affirmed. *See Johnson*, 2017 WL 2871453, at *1.

The Texas court of appeals issued its judgment on July 5, 2017. *Id.* The very next day, Johnson-Williams filed this lawsuit in state court. Johnson-Williams asserts claims for breach of contract and to quiet title. She requests

---

[1] Johnson-Williams has represented herself in all of the litigation between the parties.

[2] A party must instead sue in Texas district court to determine the merits of title, including the validity of a sale. *E.g.*, *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). "Forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court." *Id.* at 70-71.

2

a declaratory judgment, specific performance, an accounting, and various forms of damages. The crux of her claims is that CitiMortgage breached the note and deed of trust by violating various state and federal laws and regulations. CitiMortgage moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The magistrate judge recommended dismissal on res judicata grounds, and the district court agreed. The district court entered final judgment, and Johnson-Williams timely appealed.

We review a Rule 12(c) dismissal de novo. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The same standard applies to our review of its conclusion that res judicata bars this action. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Res judicata is an affirmative defense generally not suited to resolution on the pleadings. *See id.* at 570 n.2. Dismissal is nonetheless appropriate when the res judicata bar is apparent on the face of the pleadings and judicially noticed facts. *See Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)*; see also Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (per curiam). The pleadings in this case include the note, deed of trust, notice of trustee's sale, and substitute trustee's deed, all referenced in and attached to either the complaint or motion to dismiss. *See Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191, 205 (5th Cir. 2007). And the district court properly took judicial notice of the previous court judgments and opinions—all publicly available documents. *See Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Our task in this appeal is to determine the preclusive effect (if any) of two judgments, one from a state court and one from a federal court. To determine the preclusive effect of a state court judgment, we apply the preclusion law of the state that rendered the judgment. *Pirani v. Baharia (In re of Pirani)*, 824 F.3d 483, 491 (5th Cir. 2016). By contrast, federal common

No. 18-10365

law governs the preclusive effect of a federal court judgment. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001). When the rendering federal court heard the case based on diversity jurisdiction, federal common law conveniently directs us to apply the law of the state in which that court sits. *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521 n.9 (5th Cir. 2016) (citing *Semtek Int'l Inc.*, 531 U.S. at 508). In this case, that means we will apply Texas preclusion law.

"For res judicata to apply, there must be: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). In an effort to bring clarity to its preclusion law, the Texas Supreme Court adopted the "transactional" approach to claim preclusion.[3] *See Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 629-31 (Tex. 1992). That approach "requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action." *Id.* at 630. A party should "if practicable" litigate any claims "which arise[] out of those same facts" in a single lawsuit. *Id.* Claims arising from a single legal relationship between the parties, such as a contract, "will arise from the same subject matter and be subject to res judicata." *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 907 (5th Cir. 2011) (per curiam) (quoting *Sanders v. Blockbuster, Inc.*, 127 S.W.3d 382, 386 (Tex. App.—Beaumont 2004, pet. denied)).

Johnson-Williams did not dispute the first two elements of res judicata below and does not do so on appeal. Nor, in fact, does she dispute the third

---

[3] We have also adopted the "transactional" approach under federal common law for use in federal-question cases. *See Snow Ingredients, Inc.*, 833 F.3d at 521 & n.9.

element on appeal. Instead, she asks us to narrow the res judicata doctrine by adopting the "individualized concept" of res judicata. To that end, she cites an over 100-year-old Texas Supreme Court case holding that res judicata does not bar claims based on different causes of action. *See Moore v. Snowball*, 81 S.W. 5, 8-10 (Tex. 1904). In the intervening century, however, the Texas Supreme Court lamented the disarray in its preclusion law, discarded its cause-of-action-based approach, and adopted the transactional test. *See Barr*, 837 S.W.2d at 629-31. Rather than dispute that this action does not meet the third element under the transactional test, Johnson-Williams asks us to overrule the Texas Supreme Court on a matter of state law. That we may not do. *See, e.g.*, *Farnham v. Bristow Helicopters, Inc.*, 776 F.2d 535, 537 (5th Cir. 1985).

Johnson-Williams has therefore forfeited any argument that her claims are not barred. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Although we liberally construe a pro se litigant's brief, we will not fabricate arguments where none exist. *See id.* Even were we inclined to do so, we agree with the district court that "[t]here is no question that res judicata bars Johnson-Williams's claim." This litigation is simply an echo of Johnson-Williams's previous salvoes against CitiMortgage. It involves the same property, the same documents, and the same foreclosure. *Cf. Weaver*, 660 F.3d at 907-08 (applying Texas law and holding that res judicata barred an action based "on the same exact guaranties" and "the same factual foundation" as a previous lawsuit).

For the foregoing reasons, we AFFIRM the judgment of the district court.