# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10508
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2014

Lyle W. Cayce
Clerk

ZAN E. GREEN,

Plaintiff – Appellant

v.

JP MORGAN CHASE BANK, N.A., as alleged successor-in-interest to
Washington Mutual Bank FA; WASHINGTON MUTUAL BANK; CTX
MORTGAGE COMPANY, L.L.C.; MERSCORP, INCORPORATED;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INCORPORATED, "MERS" as nominee for CTX Mortgage Company, L.L.C.
and its successors and assigns and the successors and assigns of MERS;
MERSCORP HOLDINGS, INCORPORATED,

Defendants – Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1498

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Finding no error, we AFFIRM the district court in this mortgage-foreclosure dispute.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-10508

## FACTUAL BACKGROUND

On March 30, 2004, Zan Green executed a Note in favor of CTX Mortgage Company, LLC. Green also executed a Deed of Trust that securitized the payment of the Note with her property. On June 27, 2011, Green sued multiple defendants in Texas state court alleging, among other things, that JPMorgan Chase Bank, N.A. ("JPMC") did not have the right to foreclose on her property. JPMC removed the action to United States District Court for the Northern District of Texas. Defendants-Appellees, JPMC, Mortgage Electronic Registration System, Inc. and the other MERS entities ("MERS") moved for summary judgment. Defendant-Appellee, CTX Mortgage Company, LLC (CTX) also moved to dismiss Green's complaint. The district court granted both motions. Green timely appealed.

## STANDARDS OF REVIEW

We review the grant of summary judgment *de novo*. *Stauffer v. Gearhart*, 741 F.3d 574, 581 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

This court reviews dismissal under Rule 12(b)(6) *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

No. 13-10508

## DISCUSSION

Green presents three issues on appeal:  (1) whether the district court erred when it refused to consider her argument that the Note was improperly accelerated, (2) whether the district court erred in finding that JPMC had standing even though the Note was "bifurcated," and (3) whether the district court erred when it held that Texas Government Code § 192.007 does not require a Mortgagee to record an assignment of a Deed of Trust as a prerequisite to the validity of the assignment.

I.

In granting defendants' motion for summary judgment, the district court recognized that "Green asserts for the first time in her response to the MSJ Defendants' motion that she is entitled to a declaratory judgment that JPMC did not comply with the terms of the Deed when it sent Green a notice that it was accelerating the Note's maturity date." The district court refused to consider this new theory because "Green did not assert this claim in her amended complaint."

"A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). As such, we have noted that "district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment." *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012). Green's complaint does allege that the defendants lacked "authority to accelerate the alleged Note," but nowhere does it allege that the defendants failed to properly provide her notice of default and an opportunity to cure. Accordingly, the

3

district court did not abuse its discretion in disregarding this new theory at the summary-judgment stage.

## II.

Green next argues that JPMC lacks standing to foreclose because JPMC has not provided evidence of the assignment of the Deed of Trust and Note. As our cases have recognized, JPMC has standing because it holds the original Note, which is endorsed in blank. *See e.g.*, *Kiggundu v. Mortgage Elec. Registration Sys.*, Inc., 469 F. App'x 330, 331–32 (5th Cir. 2012) ("Because the note was endorsed in blank and the Bank of New York was in possession of the note, under Texas law, the Bank of New York was entitled to collect on it. Moreover, under Texas law, the mortgage follows the note." (internal citations omitted)); *Reeves. v. Wells Fargo Home Mortg.*, 544 F. App'x 564, 570 (5th Cir. 2013) (unpublished) ("Ownership of the Note was sufficient to allow Wells Fargo to foreclose.").

Green also argues that JPMC lacks standing because the Note and Deed of Trust were "bifurcated." As Green acknowledges, we rejected this argument in *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013): "The 'split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself." Nonetheless, Green argues we should certify this question. But certification is not "a proper avenue to change our binding precedent." *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1247 (5th Cir. 1997). Accordingly, the district court did not err in concluding that JPMC has standing, and we refuse Green's certification request.

No. 13-10508

### III.

Green's remaining argument is that § 192.007 imposes an obligation on the mortgagee to show an unbroken chain of title. Green again recognizes this argument is foreclosed by *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 n.27 (5th Cir. 2013), which noted that "this obscure provision has never been cited in a state court decision and is best read as a procedural directive to county clerks, not as a prerequisite to the validity of assignments." *See also Hudson v. JP Morgan Chase Bank, N.A.*, 541 F. App'x 380, 383 (5th Cir. 2013). The district court did not err, and we again deny Green's certification request. *See Jefferson*, 106 F.3d at 1247. The futility of this argument is equally dispositive of Green's appeal of the district court's dismissal of her claims against CTX.

### CONCLUSION

For the above stated reasons, we AFFIRM.