# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40798
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2016

Lyle W. Cayce
Clerk

ALESSANDRO F. CERVANTES,

> Plaintiff - Appellant

v.

NEW CENTURY MORTGAGE CORPORATION; OCWEN LOAN
SERVICING, L.L.C.; BARCLAYS CAPITAL REAL ESTATE,
INCORPORATED, doing business as HomeEq Servicing Corporation;
MORTGAGE ASSET SECURITIZATION TRANSACTION,
INCORPORATED; U.S. BANK NATIONAL ASSOCIATION,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CV-180

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Alessandro F. Cervantes appeals the dismissal of his complaint, which
is rooted in alleged unrecorded assignments of a mortgage note in violation of
state and federal laws, for failure to state a claim under Federal Rule of Civil

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

Procedure 12(b)(6).    We review dismissal under Rule 12(b)(6) de novo, accepting well-pleaded facts as true.  *See, e.g.*, *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Appearing *pro se*, Cervantes asserted a number of claims.  Construing the complaint liberally, *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (stating that courts "must construe the pleadings of pro se litigants liberally"), the district court understood these claims to include: a claim to void a mortgage on his property—based on allegations that Defendants did not properly record relevant assignments; a claim for slander of title; fraud claims under the Texas Penal Code; and claims for declaratory and injunctive relief.  Reviewing the complaint, record, and relevant law, we find that dismissal under 12(b)(6) is proper largely for the reasons stated by the district court.

Cervantes contends he also asserted a claim that the district court ignored: "suit to remove cloud from title or suit to quiet title."  His pleading does not include the phrase "remove cloud from title" and only mentions "quieting title" within the final Prayer for Relief, which requests that the court "Declare that the Tangible Deed of Trust is not a lien against the subject property, ordering the immediate release of the Tangible Deed of Trust of record, and quieting title to the subject properties in favor of Plaintiff."  *See also*, Plaintiff's Complaint at ¶ 60 ("Plaintiff requests a judicial determination of the real property rights, obligations and interest of the parties with regard to the subject property . . . so that all parties may ascertain and know their legal rights, obligations and real property interests with regard to the subject property.").    When given a liberal construction, Cervantes's requested declaratory relief was arguably sufficient to put the district court and defendants on notice that he was making a claim to quiet title.  But even if the complaint does try to assert a claim to quiet title, it fails to allege an element of such a claim.  Under Texas law, a claim to quiet title requires that the

plaintiff prove: "(1) he has an interest in a specific property, (2) title to the property is affected by a claim by the defendant or defendants, and (3) the claim, although facially valid, is invalid or unenforceable." *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 863 (N.D. Tex. 2013) *aff'd sub nom. Green v. JP Morgan Chase Bank, N.A.*, 562 F. App'x 238 (5th Cir. 2014) (citation omitted). Cervantes does not allege facts to support the last requirement: that Defendants' claim is unenforceable or invalid. Cervantes alleges that the mortgage note was transferred without proper notice to him[1] or recordation. Accepting this as true, the failure to record a transfer of a mortgage note does not make the mortgage unenforceable against the original mortgagor. Tex. Prop. Code Ann. § 13.001(b) ("The unrecorded instrument is binding on a party to the instrument, on the party's heirs, and on a subsequent purchaser who does not pay a valuable consideration or who has notice of the instrument."); *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 227–28 (5th Cir. 2013) ("Texas's recording statute protects only subsequent purchasers for value and without notice.").

The remainder of Cervantes's claims were properly analyzed and dismissed by the district court. The judgment is AFFIRMED.

---

[1] As the district court correctly found, the Truth in Lending Act provision Cervantes cites that requires a creditor that is a new owner or assignee of debt to notify the borrower in writing of the transfer was not in effect until 2009, after relevant transfers in this case. *See* 15 U.S.C. § 1641(g); *Jemison v. CitiMortgage, Inc.*, Civ. A. No. H-13-2475, 2014 WL 2739351, at *10 (S.D. Tex. June 17, 2014).