**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

————

No. 17-10294
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2018

Lyle W. Cayce
Clerk

BERNIS TOLLIVER,

       Plaintiff - Appellant

v.

YRC, INCORPORATED, doing business as YRC Freight,

       Defendant-Appellee

-------------------------------------------------------------------------------------------------

RONNIE HELAIRE,

       Plaintiff - Appellant

v.

YRC, INCORPORATED, doing business as YRC Freight,

       Defendant - Appellee

-------------------------------------------------------------------------------------------------

LOVIE BERRY,

       Plaintiff - Appellant

v.

YRC, INCORPORATED, doing business as YRC Freight,

       Defendant - Appellee

-------------------------------------------------------------------------------------------------

No. 17-10294

TERRY A. DEVEREAUX,

                Plaintiff - Appellant

v.

YRC, INCORPORATED, doing business as YRC Freight,

                Defendant - Appellee

-------------------------------------------------------------------------------------------------

CALVIN ALEXANDER

                Plaintiff - Appellant

v.

YRC, INCORPORATED, doing business as YRC Freight,

                Defendant - Appellee

-------------------------------------------------------------------------------------------------

LYNDELL GIBSON

                Plaintiff - Appellant

v.

YRC, INCORPORATED, doing business as YRC Freight,

                Defendant - Appellee

---

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 3:15-CV-2554, 3:15-CV-2717, 3:15-CV-2866
3:15-CV-2561, 3:15-CV-3050, 3:15-CV-3421

---

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

No. 17-10294

PER CURIAM:*

Plaintiffs in this consolidated case appeal the district court's grant of summary judgment to their employer, YRC Inc., on their Title VII Civil Rights Act claims. Plaintiffs allege that between 1999 and 2016, African-American dockworkers at YRC encountered nooses, racist graffiti, and other incidents in the workplace. Although we agree that creating such symbols is morally unacceptable, upon careful review, we must AFFIRM.[1]

As a threshold matter, the district court properly exercised its discretion in not considering new factual allegations that Plaintiffs raised for the first time on summary judgment. *See Jacked Up, LLC v. Sara Lee Corp.*, 854 F.3d 797, 810 (5th Cir. 2017); *see also Green v. JP Morgan Chase Bank, N.A.*, 562 F. App'x 238, 240 (5th Cir. 2014) (per curiam).[2] The district court also properly declined to consider events that occurred outside the limitations period, as no evidence suggests that those alleged events, which date back to 1999, were related enough to the more recent incidents to establish a "continuing violation." *See Filer v. Donley*, 690 F.3d 643, 647–48 (5th Cir. 2012).

The question then is whether two incidents where unknown persons left a noose in YRC facilities, and one incident where someone wrote racist graffiti on a YRC truck, is enough to create a hostile work environment. Such conduct is undoubtedly highly reprehensible. However, Title VII is not the same thing as a code of conduct and does not reach all actions that ordinary employers

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] YRC argues that Plaintiffs have waived any claim of error due to inadequate briefing. We pretermit this issue and instead affirm on the merits.

[2] Though not "controlling precedent," unpublished decisions of this court "may be cited as persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

should deem inappropriate and worthy of discipline. *Cf. Indest v. Freeman Decorating*, 164 F.3d 258, 266 (5th Cir. 1999) (Title VII does not guarantee civility in the workplace). Under our precedent, these events were not "sufficiently severe or pervasive," particularly where Plaintiffs did not contend that the acts were directed at them and for the most part learned about the acts secondhand. *See Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (quoting *Harris v. Forklift Sys.* 510 U.S. 17, 21 (1993)); *see also Brooks v. Firestone Polymers, LLC*, 640 F. App'x 393, 400 (5th Cir. 2016) (per curiam); *Hudson v. Cleco Corp.*, 539 F. App'x 615, 620 (5th Cir. 2013) (per curiam).

But even if we were to conclude that the incidents were sufficiently severe, the evidence showed that YRC took the sort of prompt remedial action the law requires, including offering $25,000 for information on the perpetrators, interviewing hundreds of employees, reporting the incidents to law enforcement, hiring more security guards, and giving weekly reminders about YRC's discrimination policies. *See Williams-Boldware v. Denton Cty.*, 741 F.3d 635, 640–42 (5th Cir. 2014); *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 400 (5th Cir. 1996). Although YRC did not discipline anyone, that is because the perpetrators remain unknown. Plaintifs raised no fact issue to the contrary. Thus, the district court properly granted summary judgment. *See Williams-Boldware*, 741 F.3d at 640–42; *Hirras*, 95 F.3d at 400.

AFFIRMED.