# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41569
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2018

Lyle W. Cayce
Clerk

ALESSANDRO F. CERVANTES,

   Plaintiff - Appellant

v.

OCWEN LOAN SERVICING, L.L.C.; HOMEEQ SERVICING
CORPORATION; NEW CENTURY FINANCIAL CORPORATION; U.S.
BANK, N.A.; ELDON L. YOUNGBLOOD,

   Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CV-129

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

   Alessandro Cervantes appeals the district court's dismissal of his suit as barred by res judicata and requests permission to appeal in forma pauperis ("IFP"). Because Cervantes does not raise any non-frivolous issues, we deny the IFP motion and dismiss the appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41569

## I.   Background

Cervantes received a loan from New Century Mortgage Corporation to buy a home in 2006.  To secure the loan, Cervantes signed a deed of trust granting New Century a lien on the property.  The deed of trust was later assigned to U.S. Bank, N.A., and was serviced by Ocwen Loan Servicing, L.L.C.

After Cervantes stopped making payments on the loan, U.S. Bank instituted foreclosure proceedings.  Cervantes sued in Texas state court to stop foreclosure.  He requested that the mortgage be voided because the assignment to U.S. Bank was, he believed, not properly recorded.  Cervantes also sued for slander of title, statutory fraud, and sought other declaratory and injunctive relief.  In addition to New Century, U.S. Bank, and Ocwen, Cervantes named Barclays Capital Real Estate Inc. (doing business as HomEq Servicing) and Mortgage Asset Securitization Transactions, Inc. as defendants.

The defendants removed the case to federal court in the Southern District of Texas.  *See Cervantes v. New Century Mortg. Corp.*, No. 5:14-CV-180 (S.D. Tex. Nov. 10, 2014).   The Southern District of Texas dismissed the claims against the defendants with prejudice.  *See Cervantes v. New Century Mortg. Corp.*, No. 5:14-CV-180, 2015 WL 12765515 (S.D. Tex. May 11, 2015).  We affirmed that decision.  *See Cervantes v. New Century Mortg. Corp.*, 633 F. App'x 290 (5th Cir. 2016) (per curiam).

About two months after we affirmed dismissal, Cervantes again filed suit in Texas state court.  This time, he also sued Eldon Youngblood, a substitute trustee to the foreclosure proceedings.   Unlike the other defendants, Youngblood is a citizen of Texas, from where Cervantes also hails.

Defendants removed this second suit to the Southern District of Texas. A federal court would not typically have diversity jurisdiction to hear the case because Cervantes and Youngblood were from the same state,   *See* 28 U.S.C. § 1332.   The district court, however, concluded that Youngblood was

fraudulently joined and dismissed him from the case. It then exercised diversity jurisdiction and dismissed the claims against all other defendants, concluding that the dismissal in the previous suit barred his suit under the principles of res judicata. Cervantes appealed, arguing that res judicata did not bar suit.

## II.   Legal Standards

Cervantes has requested that this court grant him IFP status, which would permit him to file without paying the filing fee. To be given IFP status, an appellant must be found to have taken an appeal "in good faith." *See Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004) (per curiam); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To determine if an appeal is taken in good faith, we assess "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam) (quotation marks omitted). If we determine that an appeal is frivolous, we may dismiss the appeal. *See* 5TH CIR. R. 42.2. We thus assess whether any of Cervantes's arguments have arguable merit or, instead, are frivolous.

## III.   Jurisdiction

Though Cervantes does not challenge the district court's jurisdiction, we review it out of an abundance of caution. The district court exercised diversity jurisdiction over the suit, which generally requires that (1) the dispute be about more than $75,000 and (2) all of the plaintiffs be from different states than all of the defendants. *See* 28 U.S.C. § 1332. Although Cervantes and Youngblood are citizens of the same state, the district court concluded that Youngblood's citizenship did not need to be considered for determining diversity jurisdiction purposes because he was "fraudulently joined."

3

No. 16-41569

The district court concluded he was fraudulently joined because it concluded that Cervantes had not stated a legal claim against Youngblood.[1] When a district court checks a case for fraudulent or improper joinder, it determines whether the plaintiff has pleaded enough facts that, if proven true, would result in legal liability against the defendant. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The improperly joined defendant can then be eliminated from the case; so long as the remaining parties meet the requirements of diversity jurisdiction, the federal district court can exercise jurisdiction over the case. *See Cuevas v. BAC Home Loans Servicing LP*, 648 F.3d 242, 250–51 (5th Cir. 2011).

We affirm the district court's exercise of diversity jurisdiction for two reasons. First, Cervantes did not challenge Youngblood's dismissal on appeal. If an appellant fails to argue an issue on appeal, we usually consider the issue waived and do not address it. *See, e.g.*, *Williams v. Henagan*, 595 F.3d 610, 615 (5th Cir. 2010) (per curiam). One exception to that general rule is that a party cannot waive a court's jurisdiction. *See, e.g.*, *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002). However, here the waiver would be as to the merits of the case against Youngblood, not jurisdiction per se. *See Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1059 n.2 (8th Cir. 2008) ("We need not address subject matter jurisdiction where, as here, the parties do not seek to invoke it with regard to [a defendant who was dismissed as fraudulently joined]."). Just as a plaintiff can sue only certain defendants to make jurisdiction proper, a plaintiff can concede or waive the dismissal of the only party that would preclude jurisdiction.

---

[1] The term "improperly joined" may be more appropriate here as the district court did not find any actual fraud, just an improper joined of Youngblood.

Second, Cervantes failed to state a claim against Youngblood, so the district court was correct to conclude he was improperly joined.  Under the Federal Rules of Civil Procedure, a plaintiff must provide more than conclusory allegations against a defendant.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Here, Cervantes pled only legal conclusions, rather than facts, against Youngblood.

Cervantes alleges Youngblood took just one action.  He "failed to inform Plaintiff that upon executing the said Deed of Trust agreement, Plaintiff could make a gift of his property to the trust."  This fact, without more, is insufficient for a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Consequently, Cervantes has not stated a claim against Youngblood, and Youngblood was improperly joined.

Because the remaining defendants are all from different states than Cervantes, the parties are diverse.  Additionally, the amount-in-controversy exceeds $75,000.   Thus, the district court properly exercised diversity jurisdiction over the remaining defendants.

## IV.   Res Judicata

The district court also dismissed the rest of Cervantes's suit against the remaining defendants because of the principle of res judicata.  Simply put, res judicata prevents a plaintiff from re-litigating a case that he previously brought.  *See Bradberry v. Jefferson Cty.*, 732 F.3d 540, 548 n.6 (5th Cir. 2013).  Plaintiffs are not given a second chance to prove their claims; they must do it right the first time.

The district court correctly found that Cervantes's claims were barred by res judicata.  Since Cervantes's claims were based on Texas law, we apply Texas's law of res judicata.  In Texas, res judicata applies if there is "(1) a prior

final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

Each requirement is satisfied in this case. First, the Southern District of Texas properly had jurisdiction over his previous case, and it dismissed the case with prejudice, meaning the suit could not be re-filed. We affirmed the dismissal and issued the mandate. Nothing remains to be litigated. Thus, it is a final judgment from a court of competent jurisdiction. *See Matthews Constr. Co., Inc. v. Rosen*, 796 S.W.2d 692, 694 (Tex. 1990); *Collins v. City of Corpus Christi*, 188 S.W.3d 415, 424 (Tex. App.—Corpus Christi 2006, no pet.). Second, all of the remaining parties in this suit were defendants in the first suit. So there is "identity of the parties." *Amstadt*, 919 S.W.2d at 652. Finally, though Cervantes uses slightly different causes of actions in this suit, all of his claims relate to the same subject matter as the first suit, and each of them could have been brought in that suit. *See Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992) (stating that res judicata applies "not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit" (quoting *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex. 1992))). Indeed, none of the issues that Cervantes presses on appeal are different from his original suit other than the label put on them. Thus, the district court correctly concluded that res judicata prohibited Cervantes from bringing his second suit.

## V.    Conclusion

For the reasons above, Cervantes cannot sue Defendants over the claims and issues he raised in his first lawsuit. He has no non-frivolous issue for appeal. Consequently, we DISMISS his appeal as frivolous. Motion DENIED.